```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

MICHAEL MCCULLOUGH                                        PLAINTIFF

VS.                             CIVIL ACTION NO. 3:07CV527TSL-JCS

OWENS ENTERPRISES, INC.                                   DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

    This cause is before the court on the motion of defendant Owens Enterprises, Inc. to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and a motion by plaintiff Michael McCullough to strike defendant's motion to dismiss and defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  The court concludes that the motion to dismiss should be denied, and the motion to strike granted.

    Plaintiff Michael McCullough brought this action for copyright infringement under the Federal Copyright Act, 17 U.S.C. § 101 <u>et</u> <u>seq</u>., alleging that he holds a registered copyright for the design of a proprietary copyright called the Pony Pal Tire Swing and that defendant Owens Enterprises has infringed his copyright by manufacturing and selling a product with the identical appearance and design features as plaintiff's Pony Pal Tire Swing.

    In its motion to dismiss, defendant argues that plaintiff's copyright "contains only uncopyrightable subject matter" and is therefore "null and void."  Defendant notes that plaintiff's

copyright registration reflects that plaintiff's Pony Pal Tire Swing is a derivative work, and he submits that the registration extends only to certain aspects of the design which were ostensibly added by plaintiff, namely, the indented seat, dual-point attachment and footrests. Defendant argues in its motion that these elements of plaintiff's Pony Pal Tire Swing are not artistic but rather are merely mechanical or utilitarian aspects of the product which are not subject to copyright protection, see 17 U.S.C. § 101, § 102(a). It claims, more specifically, that the indented seat occurs naturally when the tire is turned inside out to make the swing and is merely functional, not artistic; that the use of a dual-point attachment (i.e., attachment of the swing from two points) is likewise functional, as it provides greater stability and hence safety; and that the footrests, which resemble the stirrups on a horse saddle, are functional or utilitarian, giving the rider a place to put his or her feet.

> To establish a prima facie case of copyright infringement, a copyright owner must prove "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.

General Univ, Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004 (quoting Feist Pubs., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). See also 17 U.S.C. § 410(c) ("[T]he certificate of a registration

. . . constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); see Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1019 (9th Cir. 1985), cert. denied, 474 U.S. 1059, 106 S. Ct. 802, 88 L. Ed. 2d 778 (1986) (registration by Copyright Office constitutes prima facie evidence of copyrightability).

Plaintiff has alleged and presented a certificate of registration, which is prima facie evidence that plaintiff's copyright is valid.  By creating a presumption of validity, "[a] certificate of copyright registration 'shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights.'" Entertainment Research Group, Inc. v. Genesis Creative Group, Inc. 122 F.3d 1211, 1217 (9th Cir. 1997) (quoting Masquerade Novelty v. Unique Indus., 912 F.2d 663, 668 (3d Cir. 1990)).  To rebut the presumption, the accused infringer must "offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement."  Id.  Thus, while "[t]he presumptive validity of the certificate may be rebutted and defeated on summary judgment," Aalmuhammed v. Lee, 202 F.3d 1227, 1235 (9th Cir. 2000) (quoting S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1086 (9th Cir. 1989)), such a challenge is not properly made via Rule 12(b)(6). See Gross v. NYP Holdings, Inc., No. 06Civ.7863(RMB)(JCF), 2007 WL 1040033 (S.D.N.Y. April 4, 2007) ("Generally speaking, the presumption of validity may be rebutted "where other evidence in

the record casts doubt on the question, where, for example, a pattern had been copied . . . from a public domain document, or where a work was held to be a non-copyrightable "utilitarian article[]") (emphasis added)(internal citations and quotations omitted). Accordingly, defendant's motion to dismiss will be denied.

In addition to responding in opposition to defendant's motion to dismiss, plaintiff has separately moved to strike the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f), which states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In effect, the motion to strike does nothing more than repeat plaintiff's argument that the motion to dismiss is without merit and should be denied. The court's denial of the motion to dismiss renders the motion to strike moot. However, the motion to strike also seeks to strike two of defendant's affirmative defenses and certain factual allegations in the complaint. Specifically, plaintiff argues that defendant's first and ninth affirmative defenses, a limitations defense and labeling defense, are contrary to law and should be stricken, and that the complaint contains a "gross misrepresentation" that plaintiff "threatened" a third party (Love's Travel Stops and Country Stores, Inc.) with litigation if it did not cease selling defendant's product.

4

As its first defense, defendant alleges that plaintiff's action "is barred by Section 507(b) of the federal Copyright Act of 1976 which provides that no civil action may be maintained under the Copyright Act unless the same is commenced within three years after the claim accrued." Plaintiff points out that applicable Fifth Circuit precedent holds that, regardless of when the infringing activity commenced, "'[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief,'" Makedwde Publishing Co. v. Johnson, 37 F.3d 180, 182 (5th Cir. 1994) (quoting Stone v. Williams, 970 F.2d 1043 (2nd Cir. 1992), cert. denied, 508 U.S. 906, 113 S. Ct. 2331, 124 L. Ed. 2d 243 (1993)), and that "'[r]ecovery is allowed . . . for those acts occurring within three years of suit, and disallowed for earlier infringing acts.'" Id. (quoting Stone, 970 F.3d at 1049–50).

"Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). When determining the sufficiency of affirmative defenses, courts will apply the same pleading requirements as applied to complaints. Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). Here, it is clear that defendant's first defense is without merit to the extent defendant contends

that plaintiff's claim is completely barred by the statute of limitations.

Defendant's ninth defense is that plaintiff's copyright is invalid because of "Plaintiff's sale of said works without affixing any copyright notice thereto as required by statute." However, while such notices once were required as a prerequisite to the extension of copyright protection, that is no longer the case. See 17 U.S.C. §§ 401 and 405 (providing that for works registered on or after January 1, 1989, a copyright owner may but is not required to affix a notice of copyright on the protected works in order to place the public on notice of the protections afforded those works). Accordingly, there is no merit to defendant's ninth defense, and it will be stricken.

Plaintiff finally asks that the court strike any and all references to plaintiff's having made "threats" of litigation against third-party Love's Travel Stops and Country Stores, Inc., on the basis that there was no such threat, and that in fact, plaintiff's sole communication with Love's was a letter in which plaintiff wrote that "[t]his letter is not intended in any way to involve Love's in litigation." Plaintiff argues that since this allegation that Love was "threatened" with litigation is "wholly unsupported" and is in fact "directly contradicted by the facts," it should be stricken. However, the standard for striking

"redundant, immaterial, impertinent, or scandalous" matters under Rule 12(f) is high.

> "Motions to strike matters from pleadings, pursuant to ... Rule ... 12(f), are disfavored by the courts and should not be granted, even in cases where averments complained of are literally within provisions of federal rule providing for striking of redundant, immaterial, impertinent or scandalous matter, in absence of demonstration that allegations attacked have no possible relation to controversy and may prejudice other party." Wright v. Philadelphia Gas Works, No. CIV.A.01-2655, 2001 WL 1169108, at *2 (E.D. Pa. Oct.2, 2001); See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (2d ed. 1990) (reiterating this standard and noting that "motions to strike on these grounds are not favored, often being considered 'time wasters' ").

Benigno v. Flatley, No. CIV.A. 01-CV-2158, 2002 WL 123360, at *1 n.5 (E.D. Pa. Jan. 29, 2002).  See also U.S. v. Montelongo, Civil Action No. 3:07-CV-1566-G ECF, 2008 WL 631245, at *1 (N.D. Tex. March 3, 2008) ("To succeed on a motion to strike, the movant must show 'that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'")(citation omitted).  Here, the circumstances concerning plaintiff's communication with Love's is not entirely unrelated to plaintiff's claims, and defendant's mere characterization of that communication as "threatening," whether or not it is fairly viewed as such, is not genuinely prejudicial to plaintiff.  Therefore, this aspect of plaintiff's motion to strike will be denied.

7

Based on the foregoing, it is ordered that defendant's Rule 12(b)(6) motion to dismiss is denied.  It is further ordered that plaintiff's motion to strike is granted in part and denied in part, as set forth herein.

SO ORDERED this 5th day of June, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE