UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL MCCULLOUGH                                           PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:07CV527TLS-JCS

OWENS ENTERPRISES, INC.
AND JOHN DOES 1-5                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on motion by plaintiff Michael McCullough for partial summary judgment on the issue of the validity of his copyright, and a separate motion by McCullough for judgment on the pleadings on Counts I, II and IV of the counterclaim brought against him by defendant Owens Enterprises, Inc. (Owens). Owens has responded to the motions and the court, having considered the parties' submissions, concludes that McCullough's motion for partial summary judgment on the issue of the validity of his copyright should be granted, but that his motion for judgment on the pleadings on Counts I, II and IV of the counterclaim should be denied.

Plaintiff Michael McCullough brought this action for copyright infringement under the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*, alleging that he holds a registered copyright for the design of a proprietary copyright called the Pony Pal Tire Swing and that defendant Owens Enterprises has infringed his copyright by manufacturing and selling a product with the identical appearance and design features as plaintiff's Pony Pal Tire Swing. Previously in this cause, Owens moved to dismiss plaintiff's complaint, arguing that plaintiff's copyright

"contains only uncopyrightable subject matter" and is therefore "null and void." This court denied Owens' motion, holding that as a matter of law, McCullough's certificate of copyright registration was prima facie evidence that his copyright is valid, and that while the presumption is rebuttable so that Owens would have the opportunity to challenge its validity, Owens could not properly do so by way of a Rule 12(b)(6) motion to dismiss. McCullough has now moved for partial summary judgment on the validity of his copyright, presenting in support of his motion his certificate of copyright registration.

"'To establish copyright infringement, a plaintiff must prove ownership of a valid copyright and copying of constituent elements of the work that are copyrightable.'" Compaq Computer Corp. v. Ergonome Inc., 387 F.3d 403, 407-408 (5th Cir. 2004) (quoting Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994)). "Copyright ownership is shown by (1) proof of originality and copyrightability and (2) compliance with the applicable statutory requirements." Id. Copyright certificates of registration "constitute prima facie evidence of the validity of the copyright[s]," 17 U.S.C. § 410(c), though such "certificates create only a rebuttable presumption that the copyrights are valid. Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th Cir. 1995) (citations omitted).

By virtue of his duly issued certificate of copyright registration, McCullough enjoys a statutory rebuttable presumption

2

under 17 U.S.C. 410(c) that his copyright is valid and enforceable. In that his copyright is prima facie evidence of its validity, then to avoid summary judgment, then to avoid summary judgment, Owens must come forward with some evidence to challenge its validity. It has not done so. Instead, in response to McCullough's motion, Owens states that McCullough's motion is premature because Owens has not conducted discovery, and that it is entitled to discovery prior to responding to plaintiff's motion.

Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) provides the remedy. Rule 56(f) states:

> If a party opposing [a summary-judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. Proc. 56(f). The purpose of this rule is to "allow further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006) (citation omitted). The Fifth Circuit has repeatedly admonished that Rule 56(f) "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the [requested discovery or time to provide other summary-judgment evidence] will

3

enable him to rebut the movant's allegations of no genuine issue of material fact." See <u>Dreyer v. Yelverton</u>, 291 Fed. Appx. 571, 577-578, 2008 WL 3911072, 5 (5th Cir. 2008) (quoting <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 28 F.3d 1388, 1396 (5th Cir. 1994). That is,

> "[a] non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." <u>Adams v. Travelers Indem. Co. of Conn.</u>, 465 F.3d 156, 162 (5th Cir. 2006); <u>Beattie v. Madison County Sch. Dist.</u>, 254 F.3d 595, 605 (5th Cir. 2001); see also <u>Access Telecom, Inc. v. MCI Telecomms. Corp.</u>, 197 F.3d 694, 719 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable the party to present such evidence." (citation and internal quotation marks omitted)). "A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." <u>Adams</u>, 465 F.3d at 162 (footnotes and internal quotation marks omitted).

<u>Dreyer</u>, 291 Fed. Appx. at 577-578, 2008 WL 3911072, at 5.

In Owens' response to plaintiff's motion, it notes that it has challenged both the originality and copyrightability of plaintiff's copyright.

> "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 345, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991) (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990)). ... "[A] work may be protected by copyright even though it is based on ... something already in the public domain if the author, through his skill and effort, has contributed a distinguishable variation from the older works." <u>Donald v. Zack Meyer's</u>

4

>     T.V. Sales & Serv., 426 F.2d 1027, 1029 (5th Cir. 1970),
>     cert. denied, 400 U.S. 992, 91 S. Ct. 459, 27 L. Ed. 2d
>     441 (1971).  However, a "distinguishable variation" must
>     be substantial and not merely trivial.  Id. at 1030
>     (citing Chamberlin v. Uris Sales Corp., 150 F.2d 512,
>     513 (2d Cir. 1945)).

Norma Ribbon & Trimming, Inc., 51 F.3d at 47.  As for copyrightability, 17 U.S.C. § 102(b) explicitly removes from copyright protection "any idea, procedure, process, system, method of operation ..." and § 101 explicitly excludes those works whose "mechanical or utilitarian" function cannot be separated from the work in which it adheres.  See 17 U.S.C. §§ 101 & 102(b).  Such articles are only copyrightable to the extent that the creative elements "can be identified separately from, and are capable of existing independently of, the  utilitarian aspects of the article."  17 U.S.C. § 101.

    Owens notes that McCullough's certificate of copyright registration states that plaintiff's Pony Pal Tire Swing design is based on the Pony Tire Swing, and Owens concludes that since there has been no discovery in this case and since neither Owens nor this court has had an opportunity to compare the Pony Pal Tire Swing and Pony Tire Swing to determine the level of variation, then a significant issue of material fact remains as to the originality of the Pony Pal Tire Swing, so that summary judgment at this time would be premature.  Likewise, Owens argues that since there has been no discovery, the utilitarian aspects of plaintiff's Pony Pal Tire Swing have not been examined for

5

artistic merit, and for this reason also, summary judgment would be premature.

The court recognizes that the parties have not undertaken any discovery in the case, apparently owing to the fact that they were engaged in ongoing settlement negotiations. This, in fact, prompted them to jointly request entry of an amended scheduling order giving the additional time for discovery just days before McCullough filed his motion for partial summary judgment.[1] Notwithstanding this, however, the court concludes that defendant has failed to make the showing required by Rule 56(f). Again, under Rule 56(f), Owens may not obtain a continuance merely by asserting that discovery is incomplete. Rather, it "must specifically explain both why [it] is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable [it] to present such evidence." Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 719 (5th Cir. 1999). Owens declares that there has been no comparison of McCullough's Pony Pal Tire Swing to the Pony Tire Swing on which McCullough's design was based; yet Owens has not shown why it has

---

[1] Plaintiff's argument that "[d]efendant has had the opportunity over seven (7) months to develop its discovery activities, and more than five (5) months since the first scheduling order in which to begin that discovery effort[,] [y]et Defendant has sat on its hands and done nothing to move those issues forward," strikes the court as disingenuous, given that plaintiff's own attorney, one week prior to filing the motion for partial summary judgment, filed a joint motion to amend the scheduling order on October 20, 2008, stating therein that unforseen delays in completing settlement discussions had "limited the parties' efforts to pursue pre-trial discovery and motions."

6

not been able to make such a comparison and why a continuance would aid it in that effort, and these matters are not otherwise apparent to the court.  Similarly, while Owens declares that the utilitarian aspects of plaintiff's Pony Pal Tire Swing have not been examined for artistic merit, it has not explained why it has been unable to make or obtain such an examination or how discovery would aid it in this effort, and it is not apparent to the court why Owens could not and/or has not undertaken such an examination. For these reasons, the court concludes that McCullough is entitled to partial summary judgment on the issue of the validity of his copyright.

McCullough also seeks judgment on Counts I, II and IV of Owens' counterclaim, which allege claims of tortious interference with contracts, tortious interference with business relations and negligence, based on a June 16, 2006 letter McCullough sent to Love's Travel Stops and Country Stores upon learning that Love's had entered an agreement with Owens to sell its product.  In the letter, plaintiff wrote:

> Recently it has come to my attention that Love's is carrying a swing made by Owen Enterprises out of Jackson, MS.  This is an exact duplicate of my copyrighted product.  Mr. Owens has previously been sent a cease and desist order.  He responded verbally that he would make the changes to his product.  He has not done so and continues to reproduce my swing.  I will reluctantly now have to follow through with my Lawsuit to get him to stop.
> My request to Love's is to discontinue this product in your stores.  My position is that Mr. Owen is profiting from my long years of work to get my product on the market nationwide and is unfairly and illegally benefitting using my product.

7

> Pony Pal will sell to Love's the original product
> with displays and service your stores nationwide, most
> likely at a lower cost and with a much better display.
> ...
> This letter is not intended in anyway to involve
> Love's in litigation, we are only asking your company to
> do the right thing.
> I am requesting a meeting with your buyer to see if
> we can get your business.

In its counterclaim, Owens alleges that after being informed by McCullough that the Owens product infringed McCullough's copyright, Owens changed the design of the stirrups on his product (which was the aspect of his design to which McCullough had objected). Owens alleges that, notwithstanding that the product being sold through Love's had the modified stirrup design, McCullough nevertheless contacted Love's and threatened to sue Love's for copyright infringement if Love's did not immediately cease doing business with Owens, and that as a result of McCullough's threats, Love's ceased doing business with Owens. Owens alleges that McCullough "knowingly created a frivolous complaint based on an invalid, void and/or inapplicable copyright certificate for the purpose of harassing [Owens] and interfering with [Owens'] business and contractual relations."

Claims of tortious interference with business relations and tortious interference with contract both require proof (1) that the defendant's acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiff in his lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable

8

cause on the part of the defendant (which constitutes malice), and (4) actual loss and damage resulted. See Richard v. Supervalu, Inc., 974 So. 2d 944 (Miss. Ct. App. 2008) (tortious interference with business relations); Grice v. FedEx Ground Package System, Inc., 925 So. 2d 907 (Miss. Ct. App. 2006).

McCullough has moved for judgment on the pleadings, arguing that Owens cannot establish the third element, malice. McCullough reasons that, as the registered copyright holder, he had the right to take action to protect his intellectual property against infringing products. See 17 U.S.C. § 501 ("The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it."). And he concludes that since he rightly believed that his exclusive right to reproduce and distribute copies of his copyrighted work had been violated by Owens, then in so informing Love's, he did not act without right or justifiable cause, as required for Owens to sustain its tortious interference claims.

While the court accepts that McCullough rightly believed he had a valid copyright for his Pony Pal Tire Swing--after all, the court had concluded that plaintiff holds a valid copyright--that belief alone would not foreclose a finding of malice for purposes of Owens' tortious interference claim, for in addition to believing that he had a valid copyright, McCullough need also have reasonably believed that Owens' product violated his copyright.

Viewing Owens' allegations in the light most favorable to it, Owens has in substance alleged that McCullough knew that Owens' product did not infringe McCullough's copyright and that therefore, McCullough had no "right or justifiable cause" to assert the contrary to Love's.

Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. Greenberg v. General Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973). The well-stated allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied must be assumed to be false. See Swerdloff v. Miami Nat. Bank, 584 F.2d 54, 57 (5th Cir. 1978); see also Tufaro v. City of New Orleans, 2004 WL 1920937, 4 (E.D. La. 2004). That is, "judgment on the pleadings is appropriate where, even if all allegations of fact of the opposing party are accepted as true, the moving party is nevertheless clearly entitled to judgment as a matter of law." Sullivan v. Discount Plumbing, 2004 WL 1836760, 1 (N.D. Tex. 2004) (citing Hebert Abstract Co., Inc. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). Accepting Owens' allegations as true, the court cannot conclude that McCullough is entitled to judgment as a matter of law on Owens' tortious interference counterclaims.

Owens' negligence claim appears to be based on the same allegations that provide the basis for its tortious interference claim.  In seeking judgment on the pleadings, McCullough argues that he breached no duty to Owens as he had a good faith belief in the validity of his copyright and hence committed no negligent act by attempting to enforce that copyright.  The court concludes that McCullough's motion on this claim must be denied for the same reason the court has concluded the tortious inference claims may not be disposed of via judgment on the pleadings.

Based on the foregoing, it is ordered that McCullough's motion for partial summary judgment is granted.  It is further ordered that his motion for judgment on the pleadings is denied.

SO ORDERED this 3rd day of February, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE